WALLER *v.* RHYNE.

5-2179                                            338 S. W. 2d 670

Opinion delivered October 3, 1960.

*J. Allen Eades,* for appellant.

No brief filed for appellee.

PAUL WARD, Associate Justice. Testator gave his widow the rents and profits each year during her natural life from 80 acres of land with the remainder to go to his two sons. The sons deeded their interest to one Williams through whom such interest was acquired by the appellee, Ed Rhyne. The widow (by her guardian) filed suit to cancel the deed to appellee. From a decree adverse to the widow comes this appeal. There are no disputed questions of fact.

U. G. Waller executed his will in 1934 and died in 1935, leaving his widow Nonnie Waller and two sons, Royal Waller and Everett Waller. The deceased's will, which was duly probated, contained this pertinent paragraph: "I hereby give and bequeath to my beloved wife Nonnie Waller, the rents and profits each year from my farm during her natural life . . . after having first paid the taxes, and upkeep of the farm. Said rents for her support and benefit. It is my will that my lands be not sold until my wife's death." Paragraph 4 of the will reads: "It is my will and desire that after the death of my wife that my land be divided equally between my two sons Royal Waller, and Everett Waller, share and share alike."

In 1938, Parker C. Craig was appointed guardian of Nonnie Waller, who was incompetent. As such guardian he executed a farm lease to J. A. Williams (who at the time was executor of U. G. Waller's estate) for a period of five years. Under the terms of this lease Williams was to pay all taxes and pay $42.50 a year to the guardian for the use of the land. Later the two sons above mentioned executed a warranty deed to Williams. Thereafter Williams executed a deed and assigned the farm lease to Dimon Sparks. Sparks and his wife in turn assigned the farm lease and executed their warranty deed conveying said lands to appellee, Ed Rhyne. On April 3, 1958, Rhyne and his wife executed an Oil, Gas and Mineral Lease to L. S. Youngblood, wherein Youngblood was to pay $1.00 per acre per year to Rhyne.

On August 31, 1959, Nonnie Waller, incompetent, by Parker C. Craig, Guardian, filed a complaint in equity against Ed Rhyne in which, among other things, the facts above related were set forth. The prayer was "that the deed executed to Rhyne be cancelled, set aside and held for naught and that he be required to pay to the guardian, Parker C. Craig, the sum of $160 . . . " which was the amount of rentals alleged to have been paid by Youngblood to Rhyne.

After a full hearing the chancellor refused to cancel the deed to appellee, refused to order the oil and gas rent-

als paid to appellant, and dismissed the complaint. We think the chancellor must be sustained.

As set forth by the chancellor, the deed to appellee in no way affects or detracts from the rights of appellant to receive the rents and proceeds from the farm which still go to the widow. Appellant's contention that the widow alone had the right to execute the oil and gas lease on the land under the provisions, Ark. Stats. §§ 53-302 *et seq.*, cannot be sustained. Said statutes clearly apply to one who holds property in fee tail, which is not the position of the widow in this case. The two sons as remaindermen, had a right to convey their interest, hence no reason is shown which justifies the cancellation of the deed to appellee.

It is argued by appellant that the five year farm lease to Williams (with the option to renew) was invalid because it was not executed in accordance with the provisions of Ark. Stats. § 62-427, which limits such lease to a period of one year. As again pointed out by the Chancellor, appellant has all this time accepted the rentals without objection. Whether this constitutes a waiver or an estoppel we need not decide at this time. The reason being that appellant did not in this litigation ask for a cancellation of said lease. Neither was the lessee made a party to this suit. Likewise, the oil and gas lessee was not made party to this litigation.

The record discloses that Williams (the farm rental lessee) was the Executor of the U. G. Waller estate at the time the lease was executed. Whether or not this fiduciary relationship affected the validity of the lease cannot be resolved at this time for the reason this was not an issue raised by the pleadings.

Our conclusion therefore is that the decree of the chancellor must be, and it is hereby affirmed, but without prejudice to further litigation relative to the above mentioned issues and parties not involved in this litigation.

Affirmed.